| | | | |
|---|---|---|---|
| | AUSA: | Christopher Rawsthorne | Telephone: (313) 226-9100 |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Raymond Nichols | Telephone: (313) 965-2323 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Emory Allen Day

Case No.  Case: 2:21-mj-30270
Judge: Unassigned,
 Filed: 06-03-2021 At 11:29 AM
USA v. EMORY ALLEN DAY (CMP)
(MLW)

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 1, 2021 and June 2, 2021__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2252A(a)(1)(2) | Distribution of child pornography |
| 18 USC § 2252A(a)(5)(A) | Possession of child pornography |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Raymond C. Nichols, Special Agent (FBI)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __June 3, 2021__

_____
*Judge's signature*

City and state: __Detroit, Michigan__  Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR COMPLAINT AND ARREST WARRANT

I, Raymond C. Nichols, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

### I.   INTRODUCTION

1. I have been employed as a Special Agent of the FBI since February 2012 and am currently assigned to the FBI Detroit Division.  Prior to being employed by the FBI I obtained a bachelor's degree in computer information systems and was employed as a network/server administrator for approximately 9 years.  While employed by the FBI, I have investigated federal criminal violations related to Internet fraud, computer intrusions, and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children.  I have gained experience through training at the FBI Academy, post Academy training, and everyday work related to conducting these types of investigations.

2. I have received training in the area of child pornography and child exploitation and have reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. §§ 2252A. I am authorized by law to request a search warrant.

1

3. This affidavit is made in support of an application for a criminal complaint and arrest warrant for **EMORY ALLEN DAY** (date of birth \*\*/\*\*/1983) for violations of 18 U.S.C. §§ 2252A(a)(1)(2) (distribution of child pornography) and 2252A(a)(5)(A) (possession of child pornography).

4. The statements contained in this affidavit are based in part on information provided by U.S. federal law enforcement agents, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents/officers, information gathered from investigative sources of information, and my experience, training and background as a Special Agent. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause that **DAY** has violated Title 18 U.S.C. §§ 2252A(a)(1)(2) and 2252A(a)(5)(A).

## II. PROBABLE CAUSE

5. On June 2, 2021, I was contacted by Detective Sergeant James Isaacs of the Dearborn Police Department regarding a child pornography investigation. Detective Isaacs provided me with the following information.

6. On June 1, 2021 the Dearborn Police Department (DPD) responded to the 4000 block of Miller in the City of Dearborn on a report of possible child

exploitation. DPD made contact with an adult male who advised that he was on the internet-based dating app "MeetMe" and was chatting with an unknown female with the username of "Vivy91". The male stated that "Vivy91" sent several nude photographs of herself to him via the app. At one point, the female sent a nude photograph of a young girl with what looked like semen around the girl's vagina. A message was sent with the image that stated, "do you want to have a threesome with me and my 12 year old daughter".

7. The reporting male blocked "Vivy91" and deleted the messages and pictures due to their nature. The male then called DPD to report the incident.

8. Detective Isaacs, believing that a child was in imminent danger, served an exigent request to "MeetMe" for records pertaining to account "Vivy91". Detective Isaacs received a response from "MeetMe" which provided IP address logins for the last week. Several of the IP addresses were linked to T-Mobile cellular service. One IP address, 108.78.27.132 was linked to AT&T Uverse, which generally provided internet service to residential customers.

9. Records provided by "MeetMe" also contained three photographs of the account holder. Those images depicted a white female with lip piercings, a nose piercing, and possibly a piercing under her eye. Detective Isaacs submitted the images of the female for facial recognition.

10. "MeetMe" provided chat conversations sent to and from account "Vivy91". The overwhelming majority of those conversations (with multiple different users) revolved around the sexual abuse of her 12-year-old daughter. In those conversations "Vivy91" tells the other parties that she had recently broken up with her boyfriend after finding out that he had sex with her daughter. In some cases, the other party would immediately stop chatting, others progressed further. In some conversations "Vivy91" appears to be offering her daughter for sex. One of those conversations took place on June 2, 2021 and follows:

| **Sender** | **Message** |
|---|---|
| "Vivy91" | Does he want her to? |
| "Vivy91" | He can cum in her if he wants |
| "Vivy91" | Shes 11 |
| OTHER PARTY | Bey |
| "Vivy91" | ?? |
| "Vivy91" | No? |
| OTHER PARTY | Ok |
| "Vivy91" | hmmm |
| OTHER PARTY | ok |
| "Vivy91" | I don't know what that means |

| OTHER PARTY | Me lokingfor 3sum |
|---|---|
| "Vivy91" | But I have my daughter |
| "Vivy91" | So that's 4…. |
| "Vivy91" | Does he want to fuck her to. Im ok with it |

11. On June 2, 2021, I contacted the FBI liaison at the National Center for Missing and Exploited Children (NCMEC) regarding "MeetMe" account "Vivy91". NCMEC FBI liaison provided me with NCMEC tip 91986938 which was submitted by "MeetMe". The report included chats and images sent to and from account "Vivy91". I reviewed the images and chats. The records provided by NCMEC included the chats described in the paragraphs above as well as the IP Address information described in the paragraphs above. Over 30 of the images appeared to meet the Federal Definition of child pornography. Three of those images are described below:

- Image1 – This image appears to depict a prepubescent female child. She is completely nude lying on her back with her legs spread. She appears to be sleeping. A liquid substance is depicted around her vagina and on the sheets below her.
- Image2 – This image appears to depict a prepubescent female child wearing a pajama top. An adult male who appears to be

5

nude from the waist down is also in the image. The male has his erect penis in the child's mouth.

- Image3 – This image appears to depict a prepubescent female child. The child is wearing a pink shirt but is nude from the waist down. What appears to be an adult male is pictured seated and nude from the waist down. The adult male is attempting to insert his penis into the child.

12. On June 2, 2021, Detective Isaacs submitted an exigent request to AT&T Uverse for IP address 108.78.27.132 which was used by "Vivy91". AT&T responded the same day and provided the subscriber's address as XXX Pine Street[1], Wyandotte, Michigan. An officer at DPD knew the owner of XXX Pine Street personally and was able to rule out that the female depicted in the profile photos for "Vivy91" was a resident of XXX Pine Street.

13. On June 2, 2021, I, along with officers of DPD spoke with the homeowners of XXX Pine Street, Wyandotte, Michigan. The owners were able to identify the woman depicted in the "MeetMe" profile pictures of "Vivy91" as an individual who they believed to be the ex-girlfriend of **EMORY ALLEN DAY**, date of birth \*\*/\*\*/1983. They had not seen her for a few weeks and believed that **DAY** had a new girlfriend. **DAY** lived next door at XXX Pine Street. They believed that

---

[1] The full subscriber address was provided but I am redacting the house numbers for this complaint.

6

**DAY** had three children in the home, and that one of them may be the ex-girlfriend's child.

14.    In the past, the owners of XXX Pine Street had provided their WiFi login credentials to **EMORY ALLEN DAY**. The password was still the same as of June 2, 2021. The owners allowed me to search their WiFi router. I was able to see devices currently connected to the WiFi router which I reviewed with the owners. Among the devices connected to the router were an LG Aristo 3 and a Samsung Galaxy J3 Prime. The owners of XXX Pine Street did not own either of those devices. I was able to obtain the mac address of both devices. A mac address is a unique identifier assigned to a network device. The LG Aristo 3 was connected via 98:b8:ba:59:b2.    The Samsung Galaxy J3 Prime was connected via 30:96:fb:82:61:03

15.    On June 2, 2021, based in part on the information detailed above, I obtained a search warrant from this Court for **DAY**'s residence at XXX Pine Street, Wyandotte, Michigan. The search warrant was executed the same day. Shortly after the announcement of law enforcement presence, an FBI agent observed **EMORY ALLEN DAY** near the detached garage in the back yard of the residence. **DAY** was detained at that time. Located in the home were **DAY**'s current girlfriend and her two minor children, along with **DAY**'s biological child.

7

16. While the search warrant was being executed, I conducted a recorded interview of **EMORY ALLEN DAY** in the back seat of my car parked near XXX Pine Street, Wyandotte, Michigan. I advised **DAY** of the reason for the search and provided him a copy of the warrant which he read. I advised **DAY** that he was being detained and was not free to go. I also verbally advised **DAY** of his *Miranda* rights. **DAY** stated that he understood his rights and then answered questions. **DAY** denied any knowledge of the app "MeetMe", and also denied producing, downloading, or possessing child pornography. **DAY** had a cellular telephone but was not sure where it was at the time of the interview. The interview was ended, and **DAY** was escorted to his front porch where he smoked a cigarette.

17. While **EMORY ALLEN DAY** was outside of the residence, another FBI agent provided me with a LG Aristo 3 which was located in the residence. I reviewed the content of the device to include the mac address. The mac address was an exact match for the Aristo 3 that I had observed earlier in the day to be connected to the neighbor's WiFi. I reviewed the internet history of the device which included indicia of access to "MeetMe".

18. I then went outside to speak with **EMORY ALLEN DAY** about what I had observed. **DAY** again denied accessing "MeetMe" or having connected the LG Aristo 3 to his neighbor's WiFi. Further, **DAY** stated he was the only person in the home who used that device. While speaking with **DAY**, I was interrupted by

8

another FBI Agent who had located an additional cellular telephone in the detached garage where an FBI Agent had earlier observed **DAY**.

19.     The second cellular telephone was a Samsung Galaxy J3 Prime with a cracked screen.  The mac address was an exact match for the Samsung Galaxy J3 Prime that I had observed connected to the neighbor's WiFi earlier in the day.  On the device, in the photo gallery, I observed numerous images of child pornography, to include images that had been provided to law enforcement from "MeetMe". Those images were sent from account "Vivy91" to other "MeetMe" users.  The "MeetMe" app was also installed on the phone, but was not logged in.

20.     I once again spoke with **EMORY ALLEN DAY** regarding what I had found on the Samsung Galaxy J3 Prime.  **DAY** again denied any knowledge of "MeetMe" and could not explain how the device was connected to his neighbor's WiFi or why there was child pornography on the device.

21.     I arrested **DAY** on probable cause that he had violated 18 U.S.C. §§ 2252A(a)(1)(2) and 2252A(a)(5)(A).  During transport to the Dearborn Police Department for holding, **DAY** continued to deny his involvement in the matter.  I asked **DAY** what he was doing at the garage when the FBI was at his door, and he replied that he was just shutting the door.

## III. CONCLUSION

22. Based on the foregoing, there is probable cause to believe **EMORY ALLEN DAY** has violated: 18 U.S.C. §§ 2252A(a)(1)(2) (distribution of child pornography) and 2252A(a)(5)(A) (possession of child pornography).

Respectfully submitted,

Raymond C. Nichols, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence
And/or by reliable electronic means.

HON. ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Date: June 3, 2021