UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EMORY ALLEN DAY,

        Defendant.

Criminal No. 4:21-cr-20402

Hon. Nancy G. Edmunds
United States District Judge

---

### THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION/BRIEF FOR MODIFICATION OF BOND AND PRETRIAL RELEASE

---

Day posed as his ex-girlfriend on a dating site and sent numerous individuals images of child pornography, pretending to shop a child for sex with strangers. Day engaged in this conversation with multiple strangers, sending them child pornography while offering a child for sex. On one occasion, Day engaged in a days-long chat with another individual where Day played the role of a woman who was going let her child have sex with a man so she could smoke methamphetamine and watch. (Exhibit 1, chat log, filed under seal). Day committed a very serious offense and no condition or set of conditions can assure the safety of the community.

Day has now filed a motion seeking to reverse Magistrate Patti's order of detention, filing a motion with no reference to the facts of this case. Magistrate

Patti correctly determined that no condition or set of conditions could assure the safety of the community and this Court should deny Day's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2021, an individual using the dating application Meetme approached the Dearborn Police Department because an individual they were interacting with over the application offered their daughter for sex. (R. 1, 3-4). Further investigation determined that this was not an isolated event, and that this same user sent child pornography and offered an alleged daughter for sexual activity to multiple individuals. *Id.* at 5. The images sent by the user included images of children engaged in sexually explicit conduct with adults. *Id.* at 6-7. Dearborn Police and the Federal Bureau of Investigation ("FBI") investigated the account and discovered that the IP Address matched that of Day's neighbor. *Id.* at 7. One of the officers knew the individuals at that address and believed that none of them appeared to match the description. *Id.*

Day's neighbor revealed that Day had obtained their wi-fi password and a viewing their router determined that two devices that these individuals claimed were not theirs were on the wi-fi at the residence. *Id.* at 8. Agents obtained a search warrant for Day's residence and executed it that evening. Officers encountered Day right behind the detached garage in the residence. Day denied using Meetme and also denied any possession of child pornography. *Id.* at 9. The FBI's recovery

of two cellular phones belied Day's denials. The first cellular phone---which Day acknowledged owning---contained evidence of visiting the Meetme website. Agents recovered the second phone from the garage that agents observed Day near when they executed the search warrant. *Id.* at 18-19. The phone from the garage contained the chats provided by Meetme and the child pornography images that were sent to others.

Agents arrested Day and issued a complaint against him. The court held a detention hearing on June 7, 2021, and Magistrate Judge Patti ordered Day detained, finding that no set condition or set of conditions could assure the safety of the community. Magistrate Judge Patti issued an order following the hearing, providing eleven different reasons supporting his order for detention, relying specifically on the facts of the case, Day's escalating criminal behaviors, and his prior criminal history. (R. 10, 23)

## II. ANALYSIS

### A. 18 U.S.C. § 3142(e) Detention and the Rebuttable Presumption

The Bail Reform Act of 1984 provides that a court shall order a defendant detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of defendant and the safety of any person and the community." 18 U.S.C. § 3142. Specifically, 18 U.S.C. § 3142(e)(1) explains that if, after a hearing, the judicial officer finds that no condition or combination of

conditions will reasonably assure the appearance of defendant and the safety of any person and the community, the judicial officer shall order the detention of the person before trial. The finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b).

A grand jury indicted Day for distribution of child pornography and possession of child pornography, meaning that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, as such a presumption arises when there is probable cause to believe that the defendant committed an offense involving a minor child under 18 U.S.C. § 2252A(a)(2). 18 U.S.C. § 3142(e)(3).

The resulting presumption in favor of detention imposes a "burden of production" on the defendant, and the government retains the "burden of persuasion." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir.2010). A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight. *Id.* Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id., citing United States v. Mercedes*, 254 F.3d 433, 436 (2nd Cir. 2001).

## B. 18 U.S.C. § 3142(g) Factors To Be Considered

In making a determination as to whether there are conditions of release that will reasonably assure the safety of any other person and the community, the court must consider certain factors. The factors are (1) the nature and circumstances of the offense charged, including whether the offense involved a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

**(1) Nature and Circumstances of the Offense Charged**

The nature and circumstances of this offense highly favor detention. That the offense is one that confers the presumption in favor of detention is a factor for the Court to consider and demonstrates the serious nature of this offense.

Day offered a child for sex while pretending to be a female. He distributed

child pornography and sought to encourage others' interest in sexual contact with children. The nature of this offense and Day's widespread distribution of child pornography do not favor release.

### (2) Weight of the Evidence

The weight of the evidence in this situation refers not to the weight of the evidence of guilt, but rather the weight of the evidence of dangerousness. Here, the weight of the dangerousness is strong because of Day's behavior in this case and his prior criminal history. Day sought out pedophiles and encouraged them. The lengthy chat provided by the government from Day's cellular phone demonstrates that he encourages others to engage in sexually assaultive behavior and attempts to get them excited about the proposition of sex with minors. While it is unclear what Day's motivation was in these actions, one possible motivation was eventual access to this other individual's children as Day suggests "his boyfriend" might be interested in the subject's children in the chats. (Exhibit 1 at 130). Regardless of Day's motivation the wanton and indiscriminate distribution of child pornography over a dating application while engaging in discussions of proposed sexual assaults with minors demonstrates that Day presents an unreasonable danger if released on bond.

### (3) History and Characteristics of Defendant

Day's history and characteristics also favor detention. Day has a criminal

history that includes a recent conviction for eavesdropping and another felony conviction. (Bond Report at 5, 3). While he has a history of employment and a lack of mental health history, those factors pale in comparison to the character he demonstrated in this case. Moreover, his criminal history demonstrates an inability to control his behaviors.

Day's history and characteristics, which include an eavesdropping conviction from approximately five years ago and numerous other arrests and charges, do not favor release.

**(4)    Nature and Seriousness of the Danger Posed**

As to the last factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, there is a danger to children who are the victims of child pornography from Day's release as well as the danger associated with him seeking out and encouraging others who would do harm to children.

Whatever genuine efforts could be made by his proposed third party custodians there is no guaranteeing that they will be able to prevent him from finding a device to access the internet and continue communication to encourage other individuals to engage in the sexual assault of children. The government concurs with the recommendation of pre-trial services---that Day creates a risk to others that conditions of bond could not assure the safety of the community.

## III. CONCLUSION

The government respectfully requests that the Court deny the request of Day to revoke the order of detention. Day has engaged in profoundly disturbing behavior, wantonly distributing child pornography to numerous individuals while pretending to be a mother offering her child for sex. It is unclear what propelled this behavior on Day's part, but that is not the Court's greatest concern. It is instead the potential for harm to the public upon Day's possible release, which is great given his distribution of child pornography and encouragement to others to engage in the sexual abuse of children. Day's interest in child pornography demonstrates that he cannot be in the presence of minors. These actions, coupled with his prior criminal record, demonstrate that he is a danger and there is not a condition or set of

conditions that can assure the safety of the community if the Court releases Day. The Court should continue his detention.

Date: July 19, 2021

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

s/CHRISTOPHER W. RAWSTHORNE
Christopher W. Rawsthorne
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313)226-9160
christopher.rawsthorne@usdoj.gov
WI Bar 1059889

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021, the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants and e-mailed by an employee of the United States Attorney's Office to the following:

Brent A. Jaffe, staff@jackljaffe.com

s/CHRISTOPHER W. RAWSTHORNE
United States Attorney's Office