UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EMORY ALLEN DAY,

    Defendant.

_____/

Case No. 21-20402

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL [72]**

This matter comes before the Court on Defendant Emory Allen Day's motion for a judgment of acquittal or new trial pursuant to Federal Rules of Criminal Procedure 29 and 33. (ECF No. 72.) The government opposes the motion. (ECF No. 76.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this motion will be decided without oral argument. For the reasons below, the Court DENIES Defendant's motion.

**I.   Background**

Defendant was charged in a first superseding indictment filed in this matter with distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (Count I) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5) and 2252A(b)(2) (Count II). (ECF No. 61.) On October 24, 2022, following a week-long trial during which Defendant took the stand in his own defense, a jury found him guilty of both counts. (ECF No. 71.) At the end of the government's case-in-chief, Defendant had moved for a judgment of acquittal. The Court denied that motion. Defendant now renews his request. Alternatively, he argues that he is entitled to a new trial.

1

## II.   Motion for a Judgment of Acquittal

### A.   Rule 29 Standard

Federal Rule of Criminal Procedure 29 allows the Court to "set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). "In deciding whether the evidence is sufficient to withstand a motion for an acquittal, and support a conviction, the court views all evidence in the light most favorable to the prosecution and determines whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). The court does not independently weigh the evidence or assess the credibility of trial witnesses. *Id.* It must, however, "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Fusero*, 106 F. Supp. 2d 921, 927 (E.D. Mich. 2000) (internal quotations and citation omitted).

### B.   Analysis

Defendant argues that the evidence was insufficient to establish that he committed the offenses alleged. The government responds by arguing that the evidence supporting Defendant's guilt was overwhelming.

A summary of only some of the relevant evidence presented at trial demonstrates that there was sufficient evidence from which the jury could have concluded that Defendant possessed and distributed child pornography. There was testimony establishing that the cell phone containing the child pornography at issue, a Samsung phone, was recovered by FBI agents from the floor inside of the garage at Defendant's residence with Defendant standing just outside. While Defendant denied that he owned

that phone, he admitted that he owned another phone recovered from his home, a LG Aristo, and there was extensive forensic evidence that tied the two devices to each other and to Defendant himself.

Defendant relies in large part on his own testimony to argue that the Samsung phone travelled back and forth from his residence to his ex-girlfriend Victoria Kiger's residence and that she is the one who placed the images of child pornography on the phone and then threw it in his garage.  But the government called Kiger as part of its rebuttal case, and she testified to the contrary.  It was up to the jury to assess the credibility of the witnesses.  Defendant also emphasizes that he received a message from T-Mobile stating that he had run out of high-speed data and that his cellular service was going to be suspended.  But Special Agent Nichols testified that every time there was a log-in using a T-Mobile IP address, the Aristo phone showed data being transferred and that it was acting as a hotspot.  Agent Nichols also testified that such messages do not necessarily mean that service would be stopped.

In sum, there was sufficient evidence from which a reasonable jury could find Defendant's guilt as to both counts beyond a reasonable doubt.

### III.     Motion for a New Trial

#### A.     Rule 33 Standard

Federal Rule of Criminal Procedure 33 permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  "The rule does not define interest of justice and the courts have had little success in trying to generalize its meaning." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotations and citation omitted).  It is, however, "widely agreed that Rule 33's

3

interest of justice standard allows the grant of a new trial where substantial legal error has occurred." *Id.* This includes "reversible error or violation of the defendant's substantial rights." *Id.* at 374. The decision to grant a Rule 33 motion for a new trial lies within the Court's sound discretion. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). "The defendant bears the burden of proving that a new trial should be granted." *Id.*

### B. Analysis

Defendant argues that a new trial is warranted due to unredacted images of child pornography and certain supplemental exhibits that were presented to the jury—both of which he argues were more prejudicial than probative. The government responds by arguing that Defendant is not entitled to a new trial for either of these reasons.

#### 1. Unredacted Images of Child Pornography

During trial, Defendant offered to stipulate to the fact that the images at issue satisfied the definition of child pornography and to stipulate to the admission of the redacted version of the photos. The government, however, insisted on publishing select unredacted images of child pornography to the jury. After hearing oral argument from counsel on this issue, the Court ruled in favor of the government and the unredacted images were presented to the jury briefly (for a few seconds). Defendant now argues that these images created a danger of unfair prejudice.

The general rule is that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997). In *Old Chief,* the Supreme Court carved an exception to this rule in the context of a defendant's offer to stipulate to his felon status in federal felon-in possession prosecutions. *See id.* at 174. In *United States*

*v. Luck*, 852 F.3d 615, 625-26 (6th Cir. 2017), the Sixth Circuit explicitly denied a request to expand this exception in the context of a defendant's offer to stipulate to the child-pornographic nature of the materials recovered from his laptops. In doing so, the court reasoned in part as follows:

> [I]n stark contrast to felon status, the images in a child pornography prosecution have multiple utility, tending to establish both the fact that they are pornographic *and* the fact that defendant acquired and distributed the images *knowing* they depicted child pornography. *Old Chief* recognized the persuasive power of this type of evidence, observing that "a piece of evidence may address any number of separate elements, striking hard just because it shows much at once."
> . . .
> Unlike the felon-in-possession offense, child pornography cases are especially susceptible to a wide range of emotional responses, including disbelief that a defendant would commit the act in question. Showing the actual images paints a portrait far more vivid than a sanitized stipulation, thereby establishing for the jury "its human significance," and in the process, "implicating the law's moral underpinnings and a juror's obligation to sit in judgment."

*Id.* at 626 (quoting *Old Chief*, 519 U.S. at 187-88).

Even though *Luck* and the other cases relied upon by the government addressed a stipulation, and not redacted images, the same reasoning applies to both. The redacted images may be more vivid than a stipulation, but they are not as vivid as the unredacted images themselves. Also, the redacted photos would have been insufficient to establish the knowledge element the government was obligated to prove beyond a reasonable doubt. Thus, the Court properly allowed the government to publish certain unredacted images of child pornography to the jury. The Court also notes that the government only published a few of the unredacted images and only briefly, mitigating the risk of any unfair prejudice. A new trial is not warranted on this basis.

### 2. Supplemental Exhibits

Defendant repeats his objection to the government's use of two exhibits (Exhibits 19A and 20A) during its rebuttal case based on the argument that he did not have sufficient time to examine these exhibits despite acknowledging that the Court took a break to give counsel the opportunity to do so prior to their admission. Defendant also argues that these exhibits were unfairly prejudicial because they dealt with Internet searches on both phones that were disturbing in nature.

While Defendant may not have been provided with the exact exhibits ahead of time, the full forensic downloads of both phones had been made available to him. And Defendant does not contest the authenticity or accuracy of either exhibit. And to the extent Defendant argues that these exhibits were introduced solely to inflame the passions of the jurors, they were relevant in light of Defendant's testimony that he did not have an interest in incest and that he could not have been the one sending the communications involving child pornography on the Samsung phone because he went to bed early. The exhibits also demonstrated that the same person was using both the Samsung and Aristo phones. In light of their relevancy, the Court properly admitted this rebuttal evidence.

### IV. Conclusion

For the foregoing reasons, Defendant's Rule 29 and Rule 33 motion is DENIED.

SO ORDERED.

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: January 12, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 12, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>Case Manager