UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 21-20402

v.                                               Honorable Nancy G. Edmunds

EMORY ALLEN DAY,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S ORAL MOTION FOR
NEW TRIAL, MOTIONS TO COMPEL [117][128],
AND MOTION TO RE-EXAMINE EVIDENCE [132]**

Before the Court are four post-conviction motions filed pro se by Defendant Emory Allen Day. For the reasons below, the Court DENIES Defendant's motions.

**I.    Background**

On October 24, 2022, following a week-long trial during which Defendant took the stand in his own defense, a jury found Defendant guilty of both counts in the first superseding indictment: distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5) and 2252A(b)(2). (ECF Nos. 61, 71.) On January 12, 2023, the Court denied Defendant's timely motion for a judgment of acquittal or new trial. (ECF No. 79.) Since then, Defendant has had three new attorneys and his sentencing has been adjourned multiple times. Through his fifth counsel in this matter, Defendant filed ex parte motions to authorize payment for an information technology expert and a cell phone Internet expert due to his belief that he was "denied effective assistance of counsel" at trial, "newly discovered evidence exists," and "experts should have been

1

produced at trial which would have affected the outcome of trial." (ECF Nos. 113, 144.) Those motions were denied in a sealed order. (ECF No. 115.) The parties then appeared before the Court on March 26, 2024 for a status conference. During the hearing, it was revealed that there is a breakdown in communication between Defendant and his attorney. Counsel has prepared a sentencing memorandum and is ready to proceed to sentencing, but Defendant is frustrated that both his former and current counsel only addressed sentencing. Speaking on his own behalf, Defendant indicated that he wished to file a motion for reconsideration of the denial of his motion for a new trial.[1] The Court construed that request as an oral motion for a new trial. Defendant has since filed numerous letters and documents in support of his request (ECF Nos. 120-122, 124-26, 130)[2] along with two motions to compel (ECF Nos. 117, 128) and a motion to re-examine evidence (ECF No. 132).[3]

## II.   Legal Standard

Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." "The rule does not

---

[1] Defendant notes that during the hearing on the motion to withdraw filed by his previous counsel, the Court told Defendant that a motion for reconsideration would be "doable." This statement, however, did not by any means indicate that he would prevail on any such motion. Moreover, it is well beyond the fourteen-day timeframe during which a motion for reconsideration may be filed. *See* E.D. Mich. Local R. 7.1(h). Nonetheless, the Court has considered Defendant's arguments and documents and addresses them here. To the extent Defendant indicates that he would like to file a more "complete" motion and is seeking an adjournment, the Court declines to delay the proceedings any further. Defendant may raise additional arguments in an appeal before the Sixth Circuit Court of Appeals following entry of judgment in this matter.

[2] Defendant's mother also filed a letter and documents. (ECF No. 129.)

[3] Defendant also filed letters repeating his concern regarding the scope of his former counsel's representation (ECF Nos. 119, 123) and a motion for the withdrawal of his current counsel, Attorney Alvin Sallen (ECF No. 118; *see also* ECF No. 127). His attorney has filed a motion for withdrawal as well. (ECF No. 131.)

2

define interest of justice and the courts have had little success in trying to generalize its meaning." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotations and citation omitted). It is, however, "widely agreed that Rule 33's interest of justice standard allows the grant of a new trial where substantial legal error has occurred." *Id.* This includes "reversible error or violation of the defendant's substantial rights." *Id.* at 374. The decision to grant a Rule 33 motion for a new trial lies within the Court's sound discretion. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). "The defendant bears the burden of proving that a new trial should be granted." *Id.*

### III.  Analysis

Defendant avers that there is evidence that calls into question his conviction and thus he should be granted a new trial. Most motions for a new trial, however, must be filed within 14 days after the verdict or finding of guilt. *See* Fed. R. Crim. P. 33(b). The only exception is a motion for a new trial grounded on newly discovered evidence, which must be filed within 3 years. *See id.* "Motions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution." *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000) (citation omitted). To prevail on such a motion, a defendant must show that the evidence (1) "was discovered after the trial," (2) "could not have been discovered earlier with due diligence," (3) "is material and not merely cumulative or impeaching," and (4) "would likely produce an acquittal" if the case were retried. *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009) (internal quotation marks and citation omitted). "[A] narrow interpretation of 'newly discovered' is justified by the heightened finality concerns and practical implications of Rule 33

motions based on new evidence." *See Johnson v. United States*, 246 F.3d 655, 658 n.5 (6th Cir. 2001).

Here, the Court finds that Defendant cannot meet the third and fourth factors.[4] First, the evidence is not material, and it is merely cumulative or impeaching. Defendant himself states that he seeks to rely on "emails in the Samsung phone that prove[] exactly what [he] said at trial."[5] (*See* ECF No. 125, PageID.1634.) Defendant also points to evidence that allegedly demonstrates that he could not have connected to the hotspot with the LG Aristo phone. But Defendant made this argument at trial and the jury rejected his position. Moreover, there is other evidence that the jury could have relied upon. For example, there was testimony establishing that the Samsung phone that contained the child pornography was recovered by FBI agents from the floor inside of the garage at Defendant's residence with Defendant standing just outside. Thus, the Court does not find that the allegedly newly discovered evidence would likely produce an acquittal if the case were retried.

In sum, Defendant has not shown that he is entitled to a new trial based on newly discovered evidence. His request for a new trial is therefore untimely and subject to denial on that basis alone. But even if it were timely, the Court does not find that substantial legal error occurred. Thus, Defendant's motion for a new trial is denied. This finding renders Defendant's motions to compel moot.

---

[4] In light of this finding, the Court need not address the first two factors. *See United States v. Sims*, 156 F. Supp. 2d 655, 661 (E.D. Mich. 2001) (noting that the defendant's failure to prove any of the relevant factors was "fatal" to his motion for a new trial) (citation omitted).

[5] The cell phone containing the child pornography was a Samsung phone. Defendant denied owning that phone, but he admitted that another phone recovered from his home, a LG Aristo, belonged to him and there was forensic evidence tying the two devices to each other.

Defendant also asks the Court to "re-examine" the evidence based on what he deems a violation of the rule of completeness. More specifically, Defendant avers that the forensic evidence relied upon by the government to demonstrate that the same person was using both the Samsung and Aristo phones was incomplete. He asks the Court to review documents that he avers corroborate his testimony at trial—that the references to incest were actually due to pop-ups that appeared on the phone and were not part of the phone's search history. But even in the context of a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29,[6] the trial court does not independently weigh the evidence or assess the credibility of trial witnesses. *See United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). Instead, "the court views all evidence in the light most favorable to the prosecution and determines whether there is any evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *Id.* The Court has already answered that question in the affirmative. (*See* ECF No. 79, PageID.563.) And even if there were an error in the admission or exclusion of certain evidence, "a new trial will not be granted unless the evidence would have caused a different outcome at trial." *See United States v. Mitchell*, No. 07-6105, 2009 U.S. App. LEXIS 685 at *8 (6th Cir. Jan. 13, 2009) (internal quotation marks and citation omitted). The Court does not find that any of the documents submitted by Defendant meet that standard.

IV. **Conclusion**

For the reasons above, Defendant's oral motion for a new trial, his motions to compel, and his motion to re-examine evidence are DENIED. The Court will schedule a

---

[6] A motion under Rule 29 must be filed within 14 days after a guilty verdict.

hearing to address the motions for the withdrawal of counsel and set a date for sentencing.

    SO ORDERED.

                          s/Nancy G. Edmunds
                          Nancy G. Edmunds
                          United States District Judge

Dated: May 2, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2024, by electronic and/or ordinary mail.

                          s/Johnetta Curry-Williams
                          Case Manager